J-S47032-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAJOUR ARI JAMES, | : | |
| | : | |
| Appellant | : | No. 607 MDA 2020 |

Appeal from the PCRA Order Entered March 17, 2020
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003166-2016

BEFORE:    STABILE, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 19, 2021**

Dajour Ari James (Appellant) appeals *pro se* from the March 17, 2020 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

A prior panel of this Court provided the following background.

> On June 23, 2017, Appellant entered a negotiated guilty plea to one count of third-degree murder and was sentenced that day per the plea agreement to 14 to 28 years' imprisonment. Appellant did not file a post-sentence motion or a direct appeal. On May 7, 2018, Appellant timely filed *pro se* his first PCRA petition.[1] The PCRA court appointed counsel on May 8, 2018, who filed a no-merit letter and a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) on September 4, 2018. The PCRA court denied

---

[1] Appellant claimed, *inter alia*, that counsel's ineffectiveness caused his plea to be unlawfully induced, and that counsel was ineffective for failing to file timely a motion to withdraw Appellant's plea. **See** *Pro Se* PCRA Petition, 5/7/2018, at 2; Memorandum of Law in Support, 5/7/2018, at 6-13.

---

*Retired Senior Judge assigned to the Superior Court.

counsel's petition to withdraw on October 10, 2018.[2] Counsel filed a second **Turner/Finley** letter and petition to withdraw on November 21, 2018.

**Commonwealth v. James**, 221 A.3d 1257 (Pa. Super. 2019) (unpublished memorandum at 1-2) (citation format altered).

Evidently reconsidering its original stance that certain claims may have had merit, on December 12, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On December 31, 2018, several items were docketed by the clerk of courts: (1) a *pro se* request from Appellant for an extension of time to file a response to the Rule 907 notice; (2) a PCRA court order granting Appellant's request and giving Appellant until February 11, 2019 to file a response; and (3) Appellant's *pro se* response to the Rule 907 notice, styled as an amended PCRA petition.[3] On January 10, 2019, the PCRA court dismissed Appellant's May 7, 2018 petition and granted counsel's motion to withdraw.

---

[2] Specifically, the PCRA court denied the motion in order to hold a hearing on Appellant's claims regarding the failure to present character witnesses and to present a justification defense at trial, because it deemed them potentially meritorious. PCRA Court Order, 10/10/2018. Prior to holding that hearing, the Commonwealth requested that Appellant file an amended petition so it could prepare for said hearing. In response, the PCRA court cancelled the pending evidentiary hearing and ordered PCRA counsel to file either an amended PCRA petition or a **Turner/Finley** letter addressing these claims. PCRA Court Order, 10/22/2018.

[3] Appellant's *pro se* documents were not dated. The order was dated December 28, 2018.

Appellant *pro se* timely filed a notice of appeal to this Court. Thereafter, on February 28, 2019, Appellant *pro se* filed a new petition, which he styled as an amended petition, raising PCRA counsel's ineffectiveness for failing to assert a due process claim. On March 22, 2019, the PCRA court dismissed the February 28, 2019 petition without prejudice because it lacked jurisdiction to entertain the filing during the pendency of Appellant's PCRA appeal. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (overruled on other grounds by **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)) (holding that when a "PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition").

On appeal, this Court affirmed the PCRA court's order dismissing Appellant's May 7, 2018 PCRA petition because Appellant "waived all of his appellate issues on one or more grounds." **James**, 221 A.3d 1257 (unpublished memorandum at 5). Of relevance to the instant appeal, this Court found Appellant's claim that plea counsel was ineffective for failing to file a direct appeal waived because he raised it for the first time in his Pa.R.A.P. 1925(b) statement. **Id.**

On November 4, 2019, Appellant filed *pro se* the instant PCRA petition, again titled as an amended PCRA petition. Therein, Appellant alleged, for the first time before the PCRA court, that plea counsel was ineffective for failing to file a direct appeal. On December 13, 2019, the PCRA court issued a Rule

907 notice of its intent to dismiss Appellant's November 4, 2019 petition as untimely filed. Notice of Intent to Dismiss, 12/13/2019, at 1. Specifically, the PCRA court found Appellant had failed to prove either the newly discovered facts or newly recognized constitutional rights exceptions to the PCRA time-bar because the claims raised in his November 4, 2019 petition mirrored those raised already in either the PCRA court or this Court, and thus could not be newly discovered. *Id.* at 4.[4]

Appellant twice requested an extension of time to file a response, which the PCRA court granted. On March 9, 2020, Appellant filed a response, along with a motion for leave to amend and a proposed amended PCRA petition.[5] According to Appellant, his November 4, 2019 PCRA petition was timely filed because he could not file the petition while his prior PCRA appeal

---

[4] Appellant did not plead these exceptions in his November 4, 2019 petition. Given the PCRA court's subsequent order, it appears that it was attempting to give Appellant the benefit of the doubt here in considering these possible exceptions. However, as discussed *infra*, it is the responsibility of a petitioner to plead and prove any exceptions to the PCRA's time-bar. ***See Commonwealth v. Ballance***, 203 A.3d 1027, 1033 (Pa. Super. 2019) (citation omitted) ("In the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect.").

[5] Amended petitions may only be filed with leave of court. Because the PCRA court stated in its subsequent order dismissing Appellant's petition that it had considered Appellant's submission, we conclude that the PCRA court implicitly granted leave to amend. ***See Commonwealth v. Brown***, 141 A.3d 491, 504 n.12 (Pa. Super. 2016) (citations omitted) (noting that our Supreme Court "has condemned the unauthorized filing of supplements and amendments to PCRA petitions, and held that claims raised in such supplements" without leave of court "are subject to waiver[,]" unless there is evidence that the "PCRA court considered the supplemental materials prior to dismissing the petition[,]" thereby implicitly granting leave to amend).

was pending. Letter, 3/9/2020, at 3 (unnumbered). Additionally, Appellant argued in his March 9, 2020 petition that the PCRA court's March 22, 2019 order dismissing Appellant's February 28, 2019 PCRA petition "could also be interpreted as directing [Appellant's] second PCRA [petition] to be stayed and held in abeyance until the PCRA court had jurisdiction to consider the petition." Amended PCRA Petition, 3/9/2020, at ¶¶ 24-25. Appellant did not reference any of the PCRA's timeliness exceptions in these filings.

On March 16, 2020, the PCRA court dismissed Appellant's November 4, 2019 PCRA petition as untimely filed, noting Appellant had, "again, failed to demonstrate the existence of any exceptions to the jurisdictional time limitations of the [PCRA]." Rule 907 Dismissal, 3/16/2020, at 2.

This appeal followed.[6] Before reaching the merits of Appellant's claims, we must first consider whether Appellant has timely filed his November 4, 2019 PCRA petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b).

---

[6] In lieu of a Pa.R.A.P. 1925(a) opinion, the PCRA court directs us to its December 13, 2019 and March 16, 2020 orders. PCRA Court Order, 6/8/2020. It is unclear from the record whether Appellant's Rule 1925(b) statement was timely filed within the expanded timeframe granted by the PCRA court. Given our disposition, we need not resolve this.

Furthermore, the petition "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, Appellant was sentenced on June 23, 2017. Because Appellant did not file a post-sentence motion or direct appeal, his judgment of sentence became final on July 23, 2017. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Accordingly, Appellant had until July 23, 2018, to file timely any PCRA petition. Appellant's November 4, 2019 petition was patently untimely, and he had the burden of pleading and proving an exception to the time-bar.

The PCRA provides three exceptions to its timeliness requirements.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

    (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

    (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). "[T]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the [PCRA]." **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) (citation and quotation marks omitted). **See also Commonwealth v. Beatty**, 207 A.3d 957, 962 (Pa. Super. 2019) (quoting **Commonwealth v. Lee**, 206 A.3d 1, 11 (Pa. Super. 2019) (*en banc*)) ("The PCRA's time limitations 'are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits.'").

Within his November 4, 2019 PCRA petition, Appellant did not plead the applicability of any of the PCRA's statutory time-bar exceptions. In his subsequent filings and briefs on appeal, he has yet to offer any argument in support of the applicability of one of these exceptions. Instead, Appellant argues that his November 4, 2019 PCRA petition is timely, not because it meets an exception to the PCRA's timeliness requirements, but because (1) his May 7, 2018 PCRA petition was denied prematurely where he was not afforded the opportunity to respond to the court's Rule 907 notice; (2) the PCRA court gave permission to amend his petition in the March 22, 2019

order once the PCRA appeal concluded;[7] and (3) he filed the November 4, 2019 petition following the conclusion of his PCRA appeal. Appellant's Brief at 10.

We review Appellant's argument mindful of the following.

Preliminarily, Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. A petitioner must choose either to appeal from the order denying his prior PCRA petition **or** to file a new PCRA petition; the petitioner cannot do both, *i.e.*, file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." **Commonwealth v. Zeigler**, 148 A.3d 849, 852 (Pa. Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. **Id.** If the petitioner pursues the pending appeal, then the PCRA court is required under **Lark** to dismiss any subsequent PCRA petitions filed while that appeal is pending. **Lark, supra**.

Pennsylvania law also states unequivocally that no court has jurisdiction to place serial petitions in repose pending the

_____

[7] The first two points of Appellant's argument misconstrue the record. First, during the initial PCRA proceedings, Appellant was granted the right to respond to the court's Rule 907 notice and in fact filed a pleading responding to the notice, albeit one Appellant self-titled as an amended petition. Having received a response, the PCRA court concluded that Appellant had responded as he wished, and dismissed the PCRA petition. If Appellant believed dismissal was premature, he should have raised that in his first PCRA appeal to this Court.

Second, the PCRA court's order dismissing Appellant's February 28, 2019 PCRA petition did not stay any proceedings or direct Appellant to file a petition following the conclusion of the PCRA appeal. As discussed *infra*, any such directive would have been improper. Rather, the order correctly stated that the PCRA court lacked jurisdiction because a prior PCRA appeal was pending.

- 8 -

outcome of an appeal in the same case. ***Id. See also Commonwealth v. Porter***, 35 A.3d 4, 12 (Pa. 2012) (stating that holding serial petitions in abeyance pending appeal in same case perverts PCRA timeliness requirements and invites unwarranted delay in resolving cases, as well as strategic litigation abuses).

\*\*\*

Where a prior petition is pending on appeal, a subsequent petition must be filed within the time limits set forth in [subs]ection 9545(b)(2) as measured from the date of the order that finally resolves the appeal in the prior petition, because that date is the first date the claim could be presented.

***Beatty***, 207 A.3d at 961, 963 (citations altered; some citations omitted).

However, prior to Appellant's filing of his May 7, 2018 PCRA petition, his first, an *en banc* panel of this Court clarified **Porter**'s holding. Specifically, this Court held that "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final." ***Commonwealth v. Montgomery***, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*) (footnote omitted).

Upon review, it is evident that Appellant's fixation on the effect of the PCRA appeal misconstrues our jurisprudence and its applicability to Appellant's case. While Appellant correctly states that he was foreclosed from filing a new petition during the pendency of his prior PCRA appeal, he ignores the fact that the PCRA's time-bar passed well before Appellant filed a notice of appeal from the dismissal of his May 7, 2018 PCRA petition. ***See***

*e.g., id.* (considering whether a subsequent PCRA petition independently met the PCRA's timeliness requirements despite the PCRA court's concurrent review of a prior PCRA petition). Rather, in order for Appellant's November 4, 2019 petition to be considered timely, Appellant had to (1) file the petition prior to the expiration of the PCRA's time-bar (*i.e.*, July 23, 2018), concurrently with the PCRA court's consideration of his May 7, 2018 PCRA petition; or (2) file it after July 23, 2018, and plead and prove an exception to the PCRA's time-bar. He did neither.

Because Appellant's November 4, 2019 petition was untimely filed and he has not asserted a valid exception to the timeliness requirements, we affirm the PCRA court's order dismissing the petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/19/2021